UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAELA HENDERSON )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>)<br>FIVE PROPERTIES, LLC )<br>SUZANNE TONTI )<br>*Defendant*. )<br>) | **COMPLAINT AND**<br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Michaela Henderson, by and through undersigned counsel, hereby files this Complaint against Five Properties, LLC and Suzanne Tonti, herein referred to as ("Defendants") for declaratory and injunctive relief, actual and punitive damages, and attorneys' fees and costs, pursuant to the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et. seq.* Plaintiff Henderson alleges that Defendants discriminated in the rental of a dwelling on the basis of her disability by making housing unavailable, and by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations were necessary to afford her the equal opportunity to enjoy the dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1), (f)(2), and (f)(3)(B).

## INTRODUCTION

1. Plaintiff Henderson is an individual with mental disabilities who requires the use of an emotional support animal (ESA). On or around December 22, 2023, Plaintiff Henderson applied to rent a unit at Sunlake Apartments, located at 800 Joe Yenni Blvd, Kenner, LA 70065. During

1

the application process, Plaintiff Henderson submitted a reasonable accommodation request informing the Defendants of her need for her ESA to alleviate the symptoms of her disability.

2. Despite Ms. Henderson's submission of medical documentation confirming her disability and the necessity of her ESA, Defendants refused to accept the valid medical documentation. Defendants further refused to waive a $400.00 pet fee because they believed Ms. Henderson earned sufficient income to afford a $400.00 pet fee and therefore did not need an accommodation under the federal Fair Housing Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 42 U.S.C. § 3613(a)(1).

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §§ 1391(b)(1), (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson Parish, Louisiana and because Defendants reside in the judicial district.

## PARTIES

5. Plaintiff Michaela Henderson is a person of full age of majority and resident of Orleans Parish. She is an individual with mental impairments that substantially limit one or more life activities, qualifying her as a person with a disability ("handicap") under the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et. seq*. Plaintiff Henderson applied to rent a unit at Sunlake Apartments, located at 800 Joe Yenni Boulevard, Kenner, Louisiana 70065.

6. Upon information and belief, Defendant Five Lake Properties, LLC was at all times relevant to this complaint the owner of the apartment located at 800 Joe Yenni Boulevard, Kenner, Louisiana 70065 (the "Subject Property").

7.      Upon information and belief, Defendant Suzanne Tonti was at all times relevant to this complaint the owner and manager of the subject property.

## STATEMENT OF FACTS

8.      Plaintiff Michalea Henderson is a person with a disability within the meaning of the Fair Housing Act. 42 U.S.C. § 3602(h). Ms. Henderson has been diagnosed with an anxiety disorder and depression, both of which substantially limit one or more life activities.

9.      Plaintiff Henderson has been prescribed an ESA to alleviate the symptoms of her disabilities by her treating healthcare professional, Steph Lee, a Family Nurse Practitioner employed by Crescent Care, a federally qualified health center that provides healthcare services to patients in the greater New Orleans and Southeastern Louisiana.

10.     On December 22, 2023, Steph Lee signed a letter that stated that Ms. Henderson was "under [his] care for a disability." He concluded that Ms. Henderson had a "mental/emotional condition recognized in the Diagnostic and Statistical Manual of Mental Disorders" and that she "needed [her] ESA to provide relief from symptoms of her mental/emotional disability."

11.     On or around December 22, 2023, Plaintiff applied to rent a unit at the subject property.

12.     During the application process, Plaintiff Henderson made a reasonable accommodation request for use of her assistance dog at the subject property. Ms. Henderson submitted medical documentation written by Nurse Lee in support of her request.

13.     Upon information and belief, a Tonti employee informed Ms. Henderson that she must pay the $400.00 pet fee in order to have her ESA.

14.     Ms. Henderson requested a waiver of the $400.00 pet fee.

15.     Upon information and belief, the Tonti employee informed Ms. Henderson that Tonti could not accommodate her because her gross income indicated to Tonti that she could afford the $400.00 pet fee.

16.     On January 4, 2024, Defendants, through its legal representative, Richard M. Hunt, issued Ms. Henderson a letter denying her reasonable accommodation request.

17.     Mr. Hunt's letter explained that Defendants would not waive the $400.00 pet fee because "there [was] no indication in the [medical] letter that [Ms. Henderson] could not use and enjoy the apartment without waiver of the animal fee."

18.     Mr. Hunt explained that Steph Lee's letter did not provide sufficient reliable information that Ms. Henderson was a person with a disability and that she required her ESA for her disability.

19.     Mr. Hunt also reiterated that payment of the fee would not interfere with her right to use and enjoy the dwelling because of her income.

20.     The U.S. Department of Housing and Urban Development's (HUD) Guidance on assessing a person's request for an assistance animal states, "[h]ousing providers may not charge a fee or deposit for assistance animals." HUD Office of Fair Housing & Equal Opportunity, FHEO-2020-01, Assessing a Person's Request to Have an Animal as a Reasonable Accommodation Under the Fair Housing Act ("HUD Guidance") at 14.

21.     Mr. Hunt informed Ms. Henderson that Defendants would allow her to pay the pet fee in four installments of $100.00, with the first installment being due with her first month's rent.

22.     Despite receiving Ms. Henderson's valid medical documentation, Defendants' refused to waive the pet fee.

23. As a result of Defendants' refusal to accommodate Ms. Henderson's disability, Ms. Henderson did not move into the subject property.

24. By refusing to accommodate her disability, Defendants made housing unavailable to Ms. Henderson.

25. The requested accommodation did not impose a financial or administrative burden on Defendants or fundamentally alter the nature of Defendant's operations.

26. Upon information and belief, Defendants have a policy and practice of refusing to waive pet fees on behalf of individuals with disabilities requesting reasonable accommodations.

27. Upon information and belief, Defendants have a policy of refusing to accept medical documentation from individuals with disabilities that confirms their disability and disability related need for a reasonable accommodation.

28. As a result of Defendants' actions, Plaintiff Henderson has suffered injury, including monetary damages, loss housing opportunity, and emotional distress. Plaintiff has also suffered a loss of civil rights to be free from housing discrimination based on disability.

29. In the course of the conduct alleged above, Defendants acted with discriminatory animus towards people with disabilities and with malice or in callous and reckless disregard to Plaintiffs' federally protected rights.

## CAUSES OF ACTION

### First Cause of Action

Violation of the Fair Housing Amendments Act
(42 U.S.C. § 3601, *et seq*. and 24 C.F.R. § 100.1, *et. seq*)

30. Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31.     Defendants have discriminated against Plaintiff Michaela Henderson, a disabled individual, by refusing to provide a reasonable accommodation in violation of 42 U.S.C. § 3604(f)(3)(b), 24 C.F.R. § 100.204.

32.     Defendants have discriminated against Plaintiff Michaela Henderson, a disabled individual, by refusing to rent, refusing to negotiate to rent, or otherwise making a dwelling unavailable in violation of 42 U.S.C. § 3604(f)(1), 24 C.F.R. § 100.20(a).

33.     Defendants have discriminated against Plaintiff Michaela Henderson by discriminating in the privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, in violation of 42 U.S.C. § 3604(f)(2), 24 C.F.R. §100.202(b).

Second Cause of Action

Violation of the Louisiana Equal Housing Opportunity Act
(L.S.A.-R.S. § 51:2606)

34.     Plaintiff re-alleges and incorporates by reference all allegation in all preceding paragraphs.

35.     Defendants have  discriminated against Plaintiff Michaela Henderson, a disabled individual, in in exercise or enjoyment of rights guaranteed by the Louisiana Equal Housing Opportunity Act, in violation of L.S.A.-R.S. § 51:2606.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendant as follows:

  A. Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, finding that the foregoing discriminatory actions and practices of Defendants violate the Fair Housing Act, 42 U.S.C. § 3604(f), and 42 U.S.C. § 3617;

B. Enter a permanent injunction pursuant to 42 U.S.C. § 3613(c)(1), restraining Defendants, their agents, employees, and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action and permanently from discriminating against Plaintiff or against any other person with disabilities in violation of the Fair Housing Act.

C. Order that Defendants provide equal housing opportunities to all prospective and in-place residents, undertake comprehensive fair housing training, implement non-discrimination policies, including procedures for the granting of reasonable accommodations, and submit to monitoring of his practices and records in order to ensure compliance with fair housing laws.

D. Award appropriate general and special damages to Plaintiff, to fully compensate her for the injury and loss caused by Defendants' discriminatory housing practices, see 42 U.S.C. § 3613(c)(1);

E. Award appropriate punitive damages to Plaintiff for Defendants' intentional and/or willful acts made in disregard of their federally protected rights, see 42 U.S.C. § 3613(c)(1);

F. Award Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; see 42 U.S.C. § 3613(c)(2), and

G. Grant such other and further relief as may be just and proper.

Dated:  March 25, 2024

Respectfully submitted,

 /s/ Jodi De'Shae Hill
Jodi De'Shae HILL
Louisiana Bar No. 39912
LOUISIANA FAIR HOUSING ACTION CENTER, INC.
1340 Poydras Street, Suite 710
New Orleans, LA 70112
Tel: (504) 766-9056
Email: jhill@lafairhousing.org

 /s/ Sarah Carthen Watson
Sarah Carthen Watson
Louisiana Bar No. 40098
LOUISIANA FAIR HOUSING ACTION CENTER, INC.
1340 Poydras Street, Suite 710
New Orleans, LA 70112
Tel: (504) 708-5291
Email:  scarthenwatson@lafairhousing.org

*Attorneys for Plaintiff*