UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAELA HENDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   24-00750** |
| **FIVE PROPERTIES, LLC** | **SECTION: "R" (4)** |
| **SUZANNE TONTI** | |

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration (Rec. Doc.61)** filed by the Plaintiff, Michaela Henderson ("Henderson"), seeking reconsideration of the court's discovery order requiring her to produce limited financial records. Rec. Doc. 60.

## I.  Background

Plaintiff Michaela Henderson ("Henderson") filed suit against Five Properties the owner of various apartment complexes, including Almondtree Apartments in Harahan, Louisiana, and Sunlake Apartments in Kenner, Louisiana. R. doc. 26-1.  The apartment complexes are managed by Suzanne Tonti of Tonti Management.  Henderson's claim is filed pursuant to the Fair Housing Act seeking declaratory relief, general damages and punitive damages. Id. at 6-7. Henderson alleges that she suffers from depression and an anxiety disorder due to the defendant's failure to waive a $400 pet fee for her emotional support animal. She alleges that the animal was prescribed by her physician to her to assist with her mental disabilities. Id. at 1, 3.

Henderson alleges that on December 22, 2023, she applied to rent a unit at Sunlake Apartments, a property in Kenner, Louisiana. R. Doc. 1 at 1. In her application, Henderson requested that Defendants waive the $400 pet fee for her emotional support animal as an accommodation for her disabilities. Id. at 2-3. Henderson alleges that she was told by the

1

Defendants that she would have to pay the $400 pet fee to have her ESA, because her gross income indicated that she could afford the fee. R. Doc. 1 at 3-4.

Henderson alleges that she also received a letter from Defendants' legal representative offering to accommodate her by breaking up the pet fee in four installments of $100.00, with the first installment due with her first month's rent, noting that she had previously paid the pet fee at one of their properties. Id. at 4.  Henderson alleges that the accommodation the Defendants should have offered was a waiver of the fee and that by failing to do so, they violated fair housing law. Id.

Five Properties filed a counterclaim for the unpaid rent and damage to the apartments carpet from dog urine.  R. doc. 11. Five Properties also seek other costs associated with the counterclaim. Id.

 Henderson contends that the undersigned erred in fact when the Court it determined that Henderson requested a waiver of a pet fee for her emotional support animal as a reasonable accommodation because of her inability to afford the fee. R. doc. 61-1.  Henderson contends that nothing in the record shows that she requested a waiver because she could not afford the fee and therefore the court should rescind its order requiring her to produce any of her financial information. Id.

**II.    Standard of Review**

Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[ ] at any time" "any order or other decision ... [that] does not end the action," Fed. R. Civ. P. 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or

2

clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, 37 F.3d 1069 (5th Cir. 1994)). Nonetheless, "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court . . . .'" *Id.* at 337 (quoting *Sant Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011)).

### III. Analysis

Henderson contends that the undersigned erred in fact when it determined that she requested a waiver of a pet fee for her emotional support animal as a reasonable accommodation because of her inability to afford the fee. R. doc. 61-1. Henderson contends that nothing in the record shows that she requested a waiver because she could not afford the fee and therefore the court should rescind its order requiring her to produce her financial information.

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." Id. Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Henderson acknowledges that although the complaint is devoid of a statement that the waiver of the pet fee was essential due to her ability to pay, she did reference her financial ability to pay the fee in her cross motion for summary judgement only once. The actual admission by Henderson in her Memorandum in Support of her cross motion for summary judgment is:

> Waiver of the Defendants' pet fee was essential and necessary to Plaintiff Henderson's access to housing not only because she could not afford to live in the apartment without a waiver, but also because Defendants' pet fee was an impermissible charge for a disability-related aide which ameliorates the symptoms of her disability. Pl.'s Statement of Uncontested Facts ¶ 5, 22, 13-14.

Contrary to Henderson's representation that only one reference exists regarding her financial ability to pay, but that she in fact made a total of three (3) references to her financial inability to pay. First, Henderson admits in her statement of uncontested facts that she had not requested a reasonable accommodation until later because her employer, Home Depot, paid all fees associated with the Almondtree unit. R. doc. 38-1, Statement of Uncontested Facts, ¶18. Second, Henderson admits that she explained to the defendants that reviewing her gross income did not paint the full picture of the monetary challenges she faced and that she was struggling with the amount of money she made. Henderson told the defendants that she was just trying to do her best. Id., ¶22.

Contrary to the assertions made by plaintiff, the evidence in the record is contrary to her representation. She not only mention her inability to pay as a motivating factor for requesting the waiver of the pet fee one time as suggested but rather three times in her own submission. While the second statement does not directly say it, it does say that she did not request an accommodation because her employer paid the cost, which clearly suggests that finances were an issue.

Therefore, the Court did not commit any error in fact but evaluated the evidence presented including the record and as stated previously finds that the information is relevant to her claim. Therefore, Henderson's request for reconsideration is **DENIED** as this Court did not commit an error in fact.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Reconsideration (Rec. Doc. 61)** is **DENIED.** Compliance with the previous order ( R.doc. 60)  is required.

New Orleans, Louisiana, this 19th day of February 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**