UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAELA HENDERSON | CIVIL ACTION |
| VERSUS | NO. 24-750 |
| FIVE PROPERTIES, LLC, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Plaintiff Michaela Henderson moves the Court for a review of the Clerk's taxation of costs in favor of defendants Five Properties, LLC; APMT Management Services, and Suzanne Tonti.[1] For the following reasons, the Court grants plaintiff's motion.

## I.   BACKGROUND

Plaintiff Henderson sued challenging defendants' failure to waive a nonrefundable fee for the emotional support animal she relies on to manage symptoms of her mental disabilities.[2]

On July 16, 2025, the Court granted defendants' motion for summary judgment because Henderson failed to establish that the waiver of the animal

---

[1]   R. Doc. 100.
[2]   For a more in-depth discussion of the facts underlying this case, *see generally* R. Doc. 93.

fee was indispensable and essential to ameliorate her disability.[3]  On September 3, 2025, the Chief Deputy Clerk issued a taxation of costs in the amount of $5,143.45 against Henderson under Federal Rule of Civil Procedure 54(d).[4]  Plaintiff now moves the Court for a review of the taxation of costs.[5]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  A district court has "wide discretion" in deciding whether to award costs to the prevailing party.  *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (cleaned up).  On motion and within seven days of the taxation of costs, the Court may review the Clerk's action.  Fed. R. Civ. P. 54(d).  But there is a "strong presumption" contained in Rule 54 that the prevailing party will be awarded costs.  *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

## III.   DISCUSSION

Defendants are the prevailing party in this case.  The prevailing party is *prima facie* entitled to costs, and the losing party must overcome that

---

[3]    R. Doc. 93, at 11.
[4]    R. Doc. 99.
[5]    R. Doc. 100.  The defendants opposed the motion in R. Doc. 103.

strong presumption. *Id.* The Fifth Circuit has identified the following circumstances which, if present, may justify denial of costs to the prevailing party: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; [and] (4) substantial benefit conferred on the public . . . ." *Pacheco*, 448 F.3d at 794. An additional factor the Fifth Circuit considers is whether "the losing party prosecuted the action in good faith." *Id.* But good faith may not be the sole reason for denying costs to the prevailing party. *Id.* at 795.

Applying the *Pacheco* factors, the Court finds that Henderson has rebutted Rule 54(d)'s strong presumption that defendants should be awarded costs. Henderson brought her claims in good faith. *See id.* at 794. Further, her case required interpretation of novel Supreme Court precedent not yet addressed in the Fifth Circuit, which provided benefit to the public.[6] *Id.* The *Pacheco* factors here outweigh the strong presumption for awarding costs to the prevailing party.

Accordingly, the Court vacates the Clerk's taxation of costs against the defendants.

---

[6] R. Doc. 93, at 5-6 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 392 (2024)).

3

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion.

New Orleans, Louisiana, this 28th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE